UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL DELATTE ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-5377** |
| **LOUISIANA INSURANCE GUARANTY ASSOCIATION ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] to remand the above-captioned matter to the 24th Judicial District Court for Jefferson Parish.[2] The motion was filed by plaintiffs Daniel Delatte and Marla H. Delatte. The only remaining defendant, the Louisiana Insurance Guaranty Association ("LIGA") has not yet made an appearance in this Court.

Pursuant to the federal removal statute, a civil action brought in state court may be removed to the federal district court embracing the place where such action is pending so long as the federal courts have original jurisdiction over that action. 28 U.S.C. § 1441(a). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any 'doubts regarding whether removal jurisdiction is proper should be resolved

---

[1] R. Doc. No. 13.
[2] Although the motion states that the action was filed in "the 22nd Judicial District Court of St. Tammany Parish, Louisiana[,]" the record reflects that it was filed in the 24th Judicial District Court for Jefferson Parish. *See generally* R. Doc. No. 1 (state-court petition).

against federal jurisdiction.'" *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Wright National Flood Insurance Company ("Wright"), formerly a defendant in this matter, removed the action to this Court on the ground that Wright "participates in and issues [standard flood insurance policies] under the National Flood Insurance Program's . . . Write-Your-Own Program."[3] The notice of removal asserted that this Court had original exclusive jurisdiction pursuant to 42 U.S.C. § 4072.[4] Plaintiffs and Wright subsequently filed a joint motion[5] to dismiss Wright as a defendant, which the Court granted,[6] leaving LIGA as the only remaining defendant.

Accordingly, the only possible basis for this Court to exercise jurisdiction at this stage is supplemental jurisdiction.[7] Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

---

[3] R. Doc. No. 1, ¶¶ 3–4.
[4] *Id.* ¶ 6.
[5] R. Doc. No. 10.
[6] R. Doc. No. 11.
[7] The notice of removal does not indicate that this Court has jurisdiction on any other basis.

The U.S. Court of Appeals for the Fifth Circuit has explained that its "'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial[.]" *Smith v. Amedisys*, 298 F.3d 434, 446–47 (5th Cir. 2002) (quoting *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (1999)). However, this rule is "neither mandatory nor absolute." *Id.* at 447 (quoting *Batiste*, 179 F.3d at 227). In determining whether to exercise supplemental jurisdiction over pendent state-law claims, courts consider the factors enumerated in 28 U.S.C. § 1367(c) and "the factors of judicial economy, convenience, fairness, and comity." *See id.* at 447.

With respect to the § 1367(c) factors, the Court finds that they weigh in favor of remand. The first factor—whether the state claims raise novel or complex issues of state law—is neutral. *See* 28 U.S.C. § 1367(c)(1). The claims are straightforward breach of contract claims, though the case will raise additional state-law issues related to LIGA and its duties to pay covered claims. The second factor—whether the state claims substantially predominate over the federal claims—weighs in favor of remand as the only remaining claims are state-law claims. *See id.* § 1367(c)(2). The third factor—whether the federal claims have been dismissed—weighs in favor of remand as the claims against Wright have now been dismissed. *See id.* § 1367(c)(3). The fourth factor—whether there are exceptional circumstances or other compelling reasons for declining jurisdiction—is neutral. *See id.* § 1367(c)(4). There are no compelling reasons for either accepting or declining jurisdiction.

3

Additionally, the Court finds that the factors of judicial economy, convenience, fairness, and comity weigh in favor of declining supplemental jurisdiction and remanding plaintiffs' claims. *See Amedisys*, 298 F.3d at 447. In particular, LIGA has not yet made an appearance in this case, so no efforts will be duplicated. Further, LIGA did not join in the notice of removal filed by Wright. Finally, the state court is well equipped to address the only remaining claims in this action, which are state-law claims. Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, Louisiana for further proceedings.

New Orleans, Louisiana, December 22, 2023.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE